# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**ISHMAEL HASSAN OBAMA**
**ADC #145160**                                                                                    **PLAINTIFF**

V.                          **CASE NO. 5:10CV00201 DPM/BD**

**RAY HOBBS,** *et al.*                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.     **<u>Background</u>:**

On July 9, 2010, Plaintiff Ishmael Hassan Obama, an Arkansas Department of Correction ("ADC") inmate, filed his original complaint alleging that Officer Sanderlin used excessive force against him, thus violating his eighth amendment right to be free from cruel and unusual punishment.  (Docket entry #2)  Because Mr. Obama did not allege that he sustained any injury as a result of the incident with Officer Sanderlin, he was ordered to file an amended complaint.  (#3)

On July 20, 2010, Mr. Obama filed an amended complaint.  (#5)  The Court determined that he had stated an excessive force claim against Officer Sanderlin and ordered service of process.  (#8)  The Court dismissed Mr. Obama's claims against Defendants Hobbs, Lay, and Shipman.  (#14)

Officer Sanderlin now has filed a motion for summary judgment, arguing that Mr. Obama failed to exhaust his administrative remedies regarding the claims against him and that he is entitled to judgment as a matter of law.  (#78)  Mr. Obama has responded to the motion.  (#85)

Based on the evidence presented, Officer Sanderlin's motion for summary judgment (#78) should be GRANTED.  Mr. Obama's claims should be DISMISSED without prejudice.

**III. Discussion:**

  A. Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

  B. Exhaustion

The Prison Litigation Reform Act requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies

"must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter that the prisoner subjectively believed it would be pointless to pursue his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss the case. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners may be excused from completing administrative procedures, but only when correctional officials have prevented them from completing the grievance process either by failing to respond to a grievance or by failing to provide the inmate grievance forms. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

Here, it is undisputed that Mr. Obama filed Grievance CU-10-893 on June 23, 2010, alleging that Officer Sanderlin used excessive force. (#80-2) On July 13, 2010, however, he signed a "Waiver of Grievance" as to that grievance. (#80-3) Thus, Mr. Obama did not appeal the matter to the deputy director. (#80-1 at p.2) Mr. Obama did not file any other grievances regarding his excessive force claim against Officer Sanderlin dealing with the events giving rise to this lawsuit. (#80-1 at p.2)

In his response to Officer Sanderlin's motion, Mr. Obama argues that he signed the "Waiver of Grievance" only because he feared retaliation if he continued to pursue the grievance. He explains that he spoke to grievance officer April Boothe, who allegedly informed him that because his grievance was against an ADC officer, he would not get a response and that if he wanted to be left alone by ADC staff, he should discard the grievance. (#85) While this may explain why Mr. Obama signed the waiver, neither his belief that he would suffer retaliation nor his belief that it would be useless to pursue the grievance excuses his failure to exhaust administrative remedies.[1]

Because there is nothing in the record to rebut the evidence offered by Officer Sanderlin that Mr. Obama failed to fully exhaust his administrative remedies, Officer Sanderlin is entitled to summary judgment. There is no dispute about the fact that Mr. Obama failed to exhaust administrative remedies, and no evidence that Mr. Obama's claims fall under an exception to the exhaustion requirement.

## IV. Conclusion:

Mr. Sanderlin's motion for summary judgment (#78) should be GRANTED. Mr. Obama's claims, however, should be DISMISSED without prejudice.

---

[1] Had Mr. Obama experienced any retaliation as a result of pursuing the grievance at issue, the remedy available to him would have been to file another lawsuit raising a first amendment retaliation claim under 42 U.S.C. § 1983.

DATED this 27th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE