IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ISHMAEL HASSAN OBAMA
A.D.C. # 145160                                                                        PLAINTIFF

v.                              Case No. 5:10-cv-201-DPM

ROBERT D. SANDERLIN, CO-I, Cummins
Unit, Arkansas Department of Correction                            DEFENDANT

ORDER

The Court has carefully reviewed the recommended disposition from U.S. Magistrate Judge Beth Deere, *Document No. 87*, and Ishmael Obama's objections, *Document No. 90*. Having conducted a *de novo* review of the record, the Court adopts Magistrate Judge Deere's proposal as its own with one clarification. FED. R. CIV. P. 72(b)(3).

The Court declines to hold that, as a matter of law, threats of retaliation can never make an administrative remedy unavailable. The Eighth Circuit has "excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures[.]" *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Obama alleges that he failed to exhaust his administrative remedies because the

grievance officer told him that he "may face retaliation" if he did not withdraw his grievance. *Document No. 90, at 2.* There may be circumstances in which threats of retaliation are so severe that officials have effectively prevented the prisoner from exhausting the remedy. This unavailability could excuse the prisoner from the usual exhaustion requirement. *E.g., Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008); *Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007). The Court concludes, however, that those circumstances are not present here. Obama's allegations about retaliation are too vague to allow the conclusion that his administrative remedies were unavailable. *Document No. 81, at 1-2; Document No. 90, at 2.* Sanderlin's motion for summary judgment, *Document No. 78*, is therefore granted. Obama's complaint is dismissed without prejudice for failure to exhaust.

Obama also moves for copies of several documents. Two of the documents he seeks are simply Clerk's certificates of mailing. *Document Nos. 77 & 83.* And because he has filed informed responses to Sanderlin's motion for summary judgment, it appears that he did, in fact, receive copies of the other three documents—*Document Nos. 78-80.* His motion for copies, *Document No. 89*, is therefore denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 June 2011